IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02085-PAB

TAM ANH ONG,

     Petitioner,

v.

DAVID VENTURELLA,[1] Acting Director of ICE,
CHARLES WALL, Deputy Director of ICE, and
JUAN BALTAZAR, Warden of the Denver CDF,

     Respondents.

---

ORDER

---

This matter comes before the Court on Petitioner Tam Anh Ong's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") filed May 14, 2026. Docket No. 1. Respondents filed a response. Docket No. 15. Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at the Denver Contract Detention Facility in Aurora, Colorado. Petitioner seeks immediate release, arguing that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and his due process rights under the Fifth Amendment of the United States Constitution. For the reasons stated below, the Petition will be granted.

**I. Background**

---

[1] Pursuant to Fed. R. Civ. P. 25(d), David Venturella is automatically substituted as a party in this action.

Petitioner is a native of Vietnam.  Docket No. 1 at 5.  He entered the United States in July 1979 as a refugee and was ordered removed from the United States on July 5, 2000.  *Id.*  On October 31, 2025, ICE arrested Petitioner.  *Id.*  He has been detained since that date.  *Id.*  Petitioner states that ICE has "not made any effort to remove" him to Vietnam.  *Id.*  He seeks release from detention as relief.  *Id.* at 13.

The Court ordered respondents to show cause why the Petition should not be granted.  Docket No. 3.  On June 22, 2026, Respondents filed a Response.  Docket No. 15.  Respondents "maintain that Petitioner's detention is lawful and do not concede that it is unlawful, [b]ut for purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case."  *Id.* at 1.  Respondents note that, should the Court order Petitioner's release, "the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security."  *Id.* at 2.

## II. Legal Standards

### A. Habeas Corpus Relief

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "Habeas corpus proceedings under 28 U.S.C. § 2241 'remain available as a forum for statutory and constitutional challenges to post-removal-period detention.'"  *Singh v .Choate,* No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas,* 553 U.S. at 688).

The writ of habeas corpus is designed to challenge "the fact or duration" of a

2

person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

### B. Detention Under 8 U.S.C. § 1231

The detention of noncitizens subject to a removal order is governed by 8 U.S.C. § 1231. Respondents do not dispute that Petitioner is subject to a final order of removal, and Respondents appear to concede that the statutory authority for Petitioner's detention arises from 8 U.S.C. § 1231. Docket No. 15 at 1.

When a noncitizen is ordered removed, removal should ordinally be effectuated within a period of 90 days, known as the "removal period." 8 U.S.C. § 1231(a)(1). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). After the 90-day removal period, ICE has discretion to detain inadmissible or criminal aliens. *See* 8 U.S.C. § 1231(a)(6). However, detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months. *Zadvydas*, 533 U.S. at 701. After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

### III. Analysis

Petitioner claims that his detention is unlawful under *Zadvydas* and violates his

3

due process rights.  Docket No. 1 at 5-12.

Respondents do not dispute that Petitioner's detention under § 1231 exceeds the presumptively reasonable six-month period to effect his removal established by the Supreme Court in *Zadvydas.*  Therefore, Petitioner bears the initial burden of showing a "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701.  The Court finds that Petitioner has met his initial burden because Respondents do not contest Petitioner's assertions that, since he was ordered removed from the United States in 2000, ICE has not "made any effort to remove" him to Vietnam.  Docket No. 1 at 5-6.

Because Petitioner meets his initial burden, the burden shifts to Respondents to submit evidence sufficient to rebut that showing.  Respondents have not described any efforts to remove petitioner to Vietnam.  Respondents have not met their burden.

### IV. Conclusion

The Court finds that Petitioner is being detained in violation of the Fifth Amendment.  The Court will grant the Petition and order Petitioner's release from custody pursuant to 28 U.S.C. § 2241(c)(3).  Respondents may impose on Petitioner reasonable conditions of release or supervision.  Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **granted**.  It is further

**ORDERED** that petitioner shall be released from custody within **48 hours of this Order**.  It is further

**ORDERED** that respondents shall file a status report within **TWO DAYS** of this

Order certifying compliance.

DATED June 24, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge